Wilson, P. J.
Plaintiff company was engaged in the grocery business in the city of Pueblo. It is claimed that the defendant while in its employ as bookkeeper and confidential clerk assumed and promised orally to be responsible for and pay several small accounts of individuals to whom he had extended credit. This suit was brought upon that promise. It was instituted in a justice court, and by attachment. There were of course no written pleadings. Judgment both upon the merits of the ease and upon the attachment, was in favor of the defendant. Upon appeal to the county court, a similar judgment was rendered. Counsel for plaintiff correctly state that the two leading questions involved and which are decisive of the case, are: Was the defendant indebted to the plaintiff in any sum at the time suit was brought? Second, Was the defendant a nonresident at the time of suing out the attachment?
The court found that the defendant was not indebted to the plaintiff in any sum, and this finding was made upon conflicting evidence. There was testimony to the effect that he had made the promise .alleged, but the defendant, who testified in his own behalf, positively denied it. Under the well-settled rule, we are concluded by the finding of the trial court. The making of this promise being in issue, and the finding being in favor of the defendant upon that point, it is not necessary to consider whether the statute of frauds applied or not.
*149 The attachment was based upon the alleged non-residence of defendant. He had been a resident of Pueblo for a number of years, but it was claimed that shortly prior to the suing out of the attachment, he had changed his residence to New Mexico. The question of change of residence is largely dependent upon intention, and where the intention is not openly expressed, it must be gathered from the facts proved. In this case the large preponderance of the evidence was unquestionably in favor of the finding of the county court, that at the time of the issuance of the attachment,- the defendant was still a bona fide resident of Pueblo. It was shown by the testimony of defendant and his wife that he had simply temporarily left Pueblo and gone to New Mexico for the purpose of taking a three months’ job of work which had been offered him, leaving his household goods in Pueblo. There was nothing shown to the contrary upon which to base more than a bare suspicion. We think the finding of the court was correct.
The judgment will be affirmed. Affirmed.